UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:22-cr-433-SCB-TGW
18 U.S.C. § 1343

KIEANNA NICOLE GARRETT

## INDICTMENT

The Grand Jury charges:

### COUNTS ONE AND TWO
(Wire Fraud)

**A.  Introduction**

At times relevant to this Indictment:

1. KIEANNA NICOLE GARRETT, a resident of the Middle District of Florida, falsely and fraudulently represented herself as the sole proprietor and sole employee of a non-existent business in order to obtain federal Paycheck Protection Program loans to which she was not entitled.

2. The United States Small Business Administration ("SBA") was an executive branch agency of the United States government that provided support to entrepreneurs and small businesses.

3. The SBA enabled and provided for loans through banks, credit unions, and other lenders. These loans had government-backed guarantees. In addition to traditional SBA funding programs, the CARES Act established several new

temporary programs and provided for the expansion of others to address the COVID-19 outbreak, which was declared a nationwide disaster by the President on March 13, 2020.

4. One of the new loan programs was the SBA Paycheck Protection Program ("PPP"), which was a loan designed, in part, to provide a direct incentive for small businesses to keep their workers on the payroll. Under this program, the SBA could forgive all or part of the borrowing businesses' loans provided that employees were kept on the payroll for eight weeks and borrowers submitted documentation confirming that the loan proceeds were used for certain qualifying business expenses (i.e., payroll, rent, mortgage interest, or utilities).

5. Interested applicants applied through an existing SBA lender or any other participating federally-insured financial institution. The PPP application process required applicants to submit a Borrower Application Form through an SBA-approved financial entity. The application contained information as to the purpose of the loan, average monthly payroll, number of employees, and background of the business and its owner. Applicants were also required to make certain good faith certifications, including that economic uncertainties had necessitated their loan requests for continued business operations, and that they intended to use loan proceeds only for the authorized purposes.

6. Financial Institution #1 was a financial institution with servers in the Middle District of Florida.

7. Lender #1 and Lender #2 participated in the SBA's PPP as lenders, and as such, were authorized to lend funds to eligible borrowers under the terms of the PPP.

### B. The Scheme and Artifice

8. Beginning on an unknown date, but no later than in or around April 2021, and continuing through at least in or around June 2021, in the Middle District of Florida and elsewhere, the defendant,

KIEANNA NICOLE GARRETT,

did knowingly and intentionally devise and intend to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises about a material fact.

### C. Manner and Means of the Scheme and Artifice

9. The manner and means by which the defendant sought to accomplish the scheme and artifice included, among others, the following:

   a. It was part of the scheme and artifice that the defendant would and did prepare and submit, and cause to be prepared and submitted, materially false and fraudulent applications via the Internet to the PPP, which program was tailored to provide benefits and relief to businesses and workers negatively impacted by the COVID-19 pandemic.

   b. It was further a part of the scheme and artifice that, in order to induce lenders to fund PPP loans, the defendant would and did prepare and submit, and cause to be prepared and submitted to Lender #1 and Lender #2 applications

3

that contained multiple materially false and fraudulent representations and pretenses, including:

    i. stating a business code, year of establishment, and gross income suggesting that the defendant operated a business;

    ii. representing and certifying that "economic uncertainty makes this loan request necessary to support" the purported business's operations; and

    iii. representing and certifying that the loan proceeds would be used for business-related purposes.

    c. It was further a part of the scheme and artifice that the defendant would and did submit fraudulent supporting documentation, including a 2019 Form 1040, Schedule C, Profit or Loss from Business form; and

    d. It was further a part of the scheme and artifice that the defendant would and did cause Lender #1 and Lender #2 to approve PPP loan applications and would and did cause PPP loan proceeds to be transmitted via interstate wire transfers to Financial Institution #1.

    e. It was further a part of the scheme and artifice that the defendant would and did use, and caused to be used, the PPP funds for unauthorized purposes and for her own personal enrichment and the enrichment of others.

    f. It was further a part of the scheme and artifice that the defendant would and did perform acts and make statements to promote and achieve the scheme

4

and artifice and to misrepresent, hide, and conceal the scheme and artifice and the acts committed in furtherance thereof.

### D. Execution of the Scheme and Artifice

10. On or about the date set forth below in each count, in the Middle District of Florida and elsewhere, the defendant,

KIEANNA NICOLE GARRETT,

for the purpose of executing the aforesaid scheme and artifice, knowingly and intentionally transmitted and caused to be transmitted by means of wire communication in interstate and foreign commerce the writings, signs, signals, pictures, and sounds described below:

| COUNT | DATE OF WIRE | DESCRIPTION OF WIRE |
|---|---|---|
| ONE | April 20, 2021 | Defendant's submission of PPP application via the Internet from the Middle District of Florida to servers outside of Florida |
| TWO | June 8, 2021 | Wire transfer in the amount of $20,254 in PPP funds, sent from outside of Florida to a Financial Institution #1 account in the defendant's name within the Middle District of Florida |

All in violation of 18 U.S.C. § 1343.

### FORFEITURE

1. The allegations contained in Counts One and Two are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 18 U.S.C. § 1343, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

3. The property to be forfeited includes, but is not limited to, an order of forfeiture in the amount of approximately $40,508, which represents the proceeds the defendant obtained from the offenses.

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

███████████████████████████
Foreperson

ROGER B. HANDBERG
United States Attorney

By: *signature*
Jennifer L. Peresie
Assistant United States Attorney

By: *signature*
Rachelle DesVaux Bedke
Assistant United States Attorney
Chief, Economic Crimes Section

FORM OBD-34
December 22

No.

# UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

KIEANNA NICOLE GARRETT

## INDICTMENT

Violations: 18 U.S.C. § 1343

A true bill,

███████████████████
_____/_____
Foreperson

Filed in open court this 20th day of December, 2022.

_____
Clerk

Bail $_____

GPO 863 525