Kieanna Nicole Garrett
8:22-cr-433-WFJ-TGW

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case Number: 8:22-cr-433-WFJ-TGW |
| v. | USM Number: 37515-510 |
| KIEANNA NICOLE GARRETT | Ryan Maguire, AFPD |

## JUDGMENT IN A CRIMINAL CASE
### For Revocation of Supervised Release

The Defendant was found guilty of violation charge numbers One and Three and admitted guilt to violation charge number Two of the term of Supervised Release. For the reasons indicated at the final revocation hearing, the Court adjudicated the defendant guilty of the following violation charge numbers:

| Violation Charge Number | Nature of Violation | Violation Ended |
|---|---|---|
| One | New criminal conviction, Resist Officer without Violence, occurring on while on supervision in violation of the Mandatory conditions of supervision: (Grade C Violation) | December 20, 2023 |
| Two | Association with a person convicted of a felony in violation of Condition eight of the Standard Conditions of Supervision: (Grade C Violation) | |
| Three | Failure to make payments restitution, in violation of the special conditions of supervision: (Grade C Violation) | |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in Defendant's economic circumstances.

Date of Imposition of Sentence: August 12, 2026

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

August ___12th___, 2026

**Kieanna Nicole Garrett**
**8:22-cr-433-WFJ-TGW**

## IMPRISONMENT

The Defendant's current term of supervised release is revoked, and she is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **SIX (6) MONTHS**.

Defendant(s) shall surrender for service of sentence at the institution designated by the Bureau of Prisons on a specific date as directed by the Bureau of Prisons, and as notified by the United States Marshal. The Defendant is ordered to immediately proceed to the Office of the United States Marshal for processing and further instructions.

## RETURN

I have executed this judgment as follows:

_____

_____

The defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By:_____
     Deputy U.S. Marshal

**Kieanna Nicole Garrett**
**8:22-cr-433-WFJ-TGW**

## SUPERVISED RELEASE

Upon release from imprisonment, the Defendant shall be on a new term of supervised release for a term of **THIRTY (30) MONTHS.**

The Defendant shall report to the probation office in the district to which the Defendant is released within 72 hours of release from custody of the Bureau of Prisons.

## MANDATORY CONDITIONS

1.  The Defendant shall not commit another federal, state or local crime.
2.  The Defendant shall not unlawfully possess a controlled substance.
3.  The Defendant shall refrain from any unlawful use of a controlled substance. The Defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
4.  The Defendant shall cooperate in the collection of DNA as directed by the Probation Officer.
5.  The Defendant shall make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution.

The Defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

The Defendant shall also comply with the additional conditions on the attached page.

**Kieanna Nicole Garrett**
**8:22-cr-433-WFJ-TGW**

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, the Defendant shall comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by Probation Officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.    The Defendant shall report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the Probation Officer instructs you to report to a different probation office or within a different time frame.

2.    After initially reporting to the probation office, you will receive instructions from the court or the Probation Officer about how and when the Defendant shall report to the Probation Officer, and the Defendant shall report to the Probation Officer as instructed.

3.    The Defendant shall not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the Probation Officer.

4.    The Defendant shall answer truthfully the questions asked by your Probation Officer

5.    The Defendant shall live at a place approved by the Probation Officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), the Defendant shall notify the Probation Officer at least 10 days before the change. If notifying the Probation Officer in advance is not possible due to unanticipated circumstances, the Defendant shall notify the Probation Officer within 72 hours of becoming aware of a change or expected change.

6.    The Defendant shall allow the Probation Officer to visit you at any time at your home or elsewhere, and the Defendant shall permit the Probation Officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7.    The Defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the Probation Officer excuses you from doing so.  If you do not have full-time employment the Defendant shall try to find full-time employment, unless the Probation Officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), the Defendant shall notify the Probation Officer at least 10 days before the change. If notifying the Probation Officer at least 10 days in advance is not possible due to unanticipated circumstances, the Defendant shall notify the Probation Officer within 72 hours of becoming aware of a change or expected change.

8.    The Defendant shall not communicate or interact with someone you know is engaged in criminal activity.  If you know someone has been convicted of a felony, the Defendant shall not knowingly communicate or interact with that person without first getting the permission of the Probation Officer.

9.    If you are arrested or questioned by a law enforcement officer, the Defendant shall notify the Probation Officer within **72 hours**.

10.    The Defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11.    The Defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12.    If the Probation Officer determines that you pose a risk to another person (including an organization), the Probation Officer may require you to notify the person about the risk and the Defendant shall comply with that instruction. The Probation Officer may contact the person and confirm that you have notified the person about the risk.

13.    The Defendant shall follow the instructions of the Probation Officer related to the conditions of supervision.

### U.S. Probation Office Use Only

A U.S. Probation Officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature:_____        Date:_____

**Kieanna Nicole Garrett**
**8:22-cr-433-WFJ-TGW**

## SPECIAL CONDITIONS OF SUPERVISED RELEASE

1. All mandatory and special conditions of supervision previously imposed on 08/14/2023 shall carry over and remain in full force and effect.

2. You shall be prohibited from incurring new credit charges, opening additional lines of credit, or obligating yourself for any major purchases without approval of the probation officer.

3. You shall provide the probation officer access to any requested financial information.

**Kieanna Nicole Garrett**
**8:22-cr-433-WFJ-TGW**

## CRIMINAL MONETARY PENALTIES

You shall pay restitution in the amount of $45,955.25, less any payments already made, payable to the Clerk, U.S. District Court, for distribution to the victims. Restitution shall be paid jointly and severally with co-defendants. You shall begin making payments as previously ordered by the Court per month, and this payment schedule shall continue unless the victim, the government, or the defendant, notifies the Court of a material change in the defendant's ability to pay and the Court modifies the schedule.

The Defendant must make restitution (including community restitution) to the following payees in the amount listed below. Restitution is payable to the Clerk, U.S. District Court for distribution to the victims.

If The Defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | Restitution Ordered |
|---|---|
| Clerk, U.S. District Court<br>ATTN: DCU<br>401 W. Central Boulevard<br>Suite 1200<br>Orlando, Florida 32801<br>For distribution to the<br>victims. | $45,955.25 |